UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 3:22CR-89-CHB-RSE
                                                                                   *Electronically Filed*

CHARLES JERMAINE GORE                                                                       DEFENDANT

### RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF JUDGES SINGLED OUT IN DOJ REPORT OF LMPD INVESTIGATION

Defendant Charles Gore (hereinafter, "Gore") moves this Court to "compel production by the United States of the names of the six Jefferson County Judges who signed more than half of the search warrants reviewed in the United States Department of Justice ("DOJ") investigation." (DN 31). In support, Gore claims that the DOJ's findings cited by Gore in his motion negates belief in a neutral detached magistrate, and "[w]arrant applications signed by any of the preferred six judges require extra scrutiny, thus their names must be known." (Id.) The United States objects to Gore's motion.

### FACTUAL BACKGROUND

On February 8, 2022, Detective Cody Pfeiffer of the Louisville Metro Police Department (LMPD) submitted an application for a search warrant to Jefferson Circuit Court Judge A.C. McKay Chauvin (Attachment A). Det. Pfeiffer sought authority to search Gore's residence located at 718 MacDonald Road in Louisville, Kentucky as part of a lengthy criminal investigation and following an attempted traffic stop and arrest of Gore by LMPD. Judge Chauvin authorized the search warrant which was executed by LMPD at the residence the following day, February 9, 2022.

During the execution of the search warrant at MacDonald Road on February 9, 2022, law enforcement seized cocaine, baggies, digital scales, firearms, marijuana, high-capacity gun magazines, and other drug paraphernalia.

Unrelated to this investigation, on April 26, 2021, the United States Department of Justice ("DOJ") opened an investigation into Louisville Metro Government and the Louisville Metro Police Department ("LMPD") to determine whether LMPD engaged in a "pattern or practice of conduct that deprives people of rights protected by the Constitution or laws of the United States." (*Exhibit 1, Investigation of the Louisville Metro Police Department and Louisville Metro Government,* March 8, 2023, 9). Following DOJ's investigation, the DOJ Civil Rights Division and United States Attorney's Office, Western District of Kentucky, Civil Division, released a detailed report outlining the findings of the investigation.[1] One of those findings was reported as follows:

> As a preliminary matter, Jefferson County has a rotating schedule for judges to review warrant applications, but LMPD does not follow the court's schedule. Of the warrants in our sample, officers rarely sought approval from 19 of the 30 judges who approved warrants in the sample. In fact, just six judges approved more than half of the warrants in our sample.

(*Id*. at 23.) The report did not name the "six judges" referenced above.[2] The report then described findings related to search warrants that were reviewed, including, "LMPD's search warrant applications routinely fail to demonstrate probable cause," and "many of LMPD's

---

[1] The undersigned was not involved in the investigation, nor the preparation of the report.  From the inception of the investigation, the United States Attorney's Office for the Western District of Kentucky implemented a strict firewall between those involved in the investigation and Assistant United States Attorneys that are assigned to prosecute drug and violence crime matters.
[2] As a result of the firewall between those involved in the investigation and the undersigned, the undersigned has not been made aware of the identity of the "six judges" are.

2

warrants are overly broad in scope." (*Id*. at 23-25). Notably, the report *did not* make any findings that the "six judges" were more likely to have approved insufficient warrants.

## ARGUMENT

**I.     THERE IS NO LEGAL BASIS TO COMPEL THE DISCLOSURE OF THE NAMES.**

Gore asks this Court to compel the United States to disclose the names of the six judges referenced in the report yet provides no legal authority nor mechanism for the motion. In his motion, Gore makes a spurious claim that "the undeniable implication of the majority of the warrants' (*sic*) being signed by just 20% of the available judges is that law enforcement preferred those six judges, knowing that they would be more likely to approve the warrant request." (DN 31, 2). That conclusion is neither discussed in nor supported by any evidence in the report.

In fact, there is no legal basis to compel the United States to provide the names of the judges. First, disclosure of these items is not justified pursuant to Fed. R. Crim. P. 16. Rule 16 requires the United States to disclose specific categories of evidence to the defense before trial. These categories include

> prior statements of the defendant, the defendant's prior criminal record, documents, photographs, or tangible items, which are within the custody or control of the [United States] and which are material to the defense or intended for use by the [United States] in its case-in-chief at trial or which were obtained from or belong to the defendant, and the results of any mental or physical examinations performed on the defendant which are intended for use by the [United States] as evidence in its case-in-chief at trial.

United States v. Presser, 844 F.2d 1275, 1284-85 (6th Cir. 1988) (citing Fed. R. Crim. P. 16). Moreover, under Rule 16, the United States is required to make this material available to the defense for inspection and copying. Once the United States has disclosed the discoverable evidence, it has fulfilled its obligation under Rule 16. In Presser, 844 F.2d at 1285, the Sixth

Circuit held that "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." Thus, a discovery motion for material that falls outside the scope of Rule 16 should be denied.

Further to the extent Gore is seeking discovery concerning the United States' reports or internal documents, this is expressly precluded by Rule 16. Rule 16(a)(2) provides that "except as provided in paragraphs (A), (B), (D), and (E) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda or other internal government documents made by the attorney for the government or any other government agents" in connection with the investigation or prosecution of the case. Fed. R. Crim. P. 16(a)(2).

Similarly, Gore's requested information does not fall with the scope of information contemplated by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972). Under *Brady* and *Giglio* there are two general categories of evidence that the United States must disclose: exculpatory and impeaching evidence. "Materials that must be disclosed are those that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." Giglio, 405 U.S. at 154. The identities of the "six judges" here fall into neither category.

    II.    **THE NAMES OF THE SIX JUDGES ARE NOT NECESSARY TO REVIEW WHETHER PROBABLE CAUSE EXIST IN THE WARRANTS AT BAR, AND THE DEFENDANT HAS FAILED TO ESTABLISH THAT JUDGES WHO ISSUED WARRANTS IN THIS CASE WERE "RUBBER STAMPS."**

As stated above, there is no legal basis for this Court to compel the United States to produce to the defendant the names of the six judges. Additionally, there is simply no need for the either the Court or the defendant to have those names to evaluate the warrants in this case. The standards set forth in *Franks v. Delaware* and its progeny should preclude the Court from considering the information in its analysis of the warrants.

In his motion, Gore states that "[w]arrant applications signed by of the six preferred judges require extra scrutiny, thus their names must be known." However, even assuming, *arguendo*, one of the six judges referenced in the report was the judge that signed a search warrant that ultimately led to the Indictment before this Court, there would be no basis for this "extra scrutiny." As this Court is aware, when reviewing probable cause, courts "may only look within the four corners of the affidavit." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (citing *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)). Indeed, Gore has already filed a motion to suppress the search of his residence, which was authorized by a search warrant, and the United States has filed its response. (DN 25, DN 33). For this Court to consider the DOJ report, and its conclusion that the reviewing magistrate was one of LMPD's six "preferred" judges, the Court would have to improperly go outside the "four corners" of the search warrant and supporting affidavit.[3] The Court can and should make a ruling on Gore's motion to suppress without regard to the specific identity of the judge who issued it.

Further, to establish that the magistrate in this case may be a "rubber stamp," Gore has woefully failed to meet his burden. "In determining whether a warrant is supported by probable cause, 'the courts must ... insist that the magistrate purport to perform his neutral and detached function and not serve merely as a rubber stamp for the police.'" *United States v. Frazier*, 423 F.3d 526, 537 (6th Cir. 2005)(*quoting Leon,* 468 U.S. 897 at 914 (1984)). "The defendant carries the burden of proving that issuing magistrate acted as a rubber stamp." *Id*. (*citing United States v. Rodriguez-Suazo*, 346 F.3d 637, 649 (6th Cir. 2003)).

---

[3] Notably, Gore made *no* allegation of misconduct by the affiant in the warrant, such as making a false statement or making a statement with reckless disregard for the truth, as to allow for an evidentiary hearing and/or for the Court to go outside the four corners of the document.

In the case before this Court, there is no evidence to suggest that the judge who signed the residence warrant acted as a rubber stamp (even if they were one of the "six judges). As discussed in the pleadings addressing Gore's motion to suppress that warrant, the warrant was supported by a 25-page affidavit. Said affidavit detailed an approximately six-month investigation into Gore's drug trafficking and illegal firearms possession. There is nothing in the search warrant to suggest that the reviewing magistrate failed to read the warrant or otherwise failed to "perform his neutral and detached" function.

Because there is no compelling reason for this Court to go outside the four corners of the warrant(s) in this matter, and nothing to suggest that the reviewing judge acted as a "rubber stamp," Gore's motion to compel is without merit and should be denied.

## CONCLUSION

This Court should deny Gore's motion to compel.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/ Frank E. Dahl III*
Frank E. Dahl III
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6772
frank.dahl@usdoj.gov

## CERTIFICATE OF SERVICE

On March 29, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Frank E. Dahl III*
Assistant United States Attorney